UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD BOHANON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-02117-JMS-MJD |
| | ) |
| MICHAEL REIGER, in his official and individual capacities, | ) |
| JOHN "NICK" SERBAN, in his official and individual capacities, | ) |
| CITY OF INDIANAPOLIS, | ) |
| 5135 HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| JOHN "NICK" SERBAN, in his official and individual capacities, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| BRADFORD BOHANON, | ) |
| | ) |
| Counter Defendant. | ) |

## **ORDER**

In the late night of August 7 and early morning of August 8, 2014, Plaintiff Bradford Bohanon and Defendants Officer John "Nick" Serban and Officer Michael Reiger were all drinking at Mikie's Pub when a physical altercation ensued between the officers and Mr. Bohanon. [Filing No. 11 at 3-5.] Mr. Bohanon claims he was battered by the officers while inside and outside of the establishment, and that he sustained injuries as a result of the attack. [Filing No. 11 at 6-7.] On August 5, 2016, Mr. Bohanon filed this litigation against Defendants Officer Reiger, Officer Serban, and the City of Indianapolis, alleging several claims pursuant to 42 U.S.C. § 1983. [Filing

1

No. 1.] On December 1, 2016, Mr. Bohanon filed an Amended Complaint adding 5135 Holdings, Inc. d/b/a Mikie's Pub ("Mikie's Pub") as a party defendant. [Filing No. 11.] Mikie's Pub has now filed a Motion to Dismiss Plaintiff's Amended Complaint Against It Pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the allegations of Mr. Bohanon's original and amended complaints establish that his claims against Mikie's Pub are time-barred by the statute of limitations. [Filing No. 30.] For the reasons detailed below, the Court grants Mikie's Pub's motion to dismiss.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

"[T]he statute of limitations is an affirmative defense, *see* Fed. R. Civ. Pro. 8(c), and need not be addressed in the complaint. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (citing *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)). Although a plaintiff's complaint need not plead around an affirmative defense, "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ." *Barry Aviation*, 377 F.3d at 688 (citing *Gypsum*, 350 F.3d at 626).

## II.
### RELEVANT BACKGROUND

Mr. Bohanon's Amended Complaint makes the following allegations which are assumed to be true for purposes of this motion. During the evening and early morning hours of August 7-8, 2014,[1] Mr. Bohanon was at Mikie's Pub drinking alcoholic beverages. [Filing No. 11 at 3.] According to Mr. Bohanon, Officer Reiger and Officer Serban were also at Mikie's Pub consuming alcoholic beverages. [Filing No. 11 at 3.] Mr. Bohanon alleges that he was questioning the bartender about the accuracy of his bill. [Filing No. 11 at 4.] Mr. Bohannon alleges that Officer Serban then approached him and after a brief interaction between the two, Officer Serban grabbed

---

[1] Mr. Bohanon alleges in the Amended Complaint that the date was November 7, 2014. [Filing No. 11 at 3.] However, he indicated in the original Complaint that the date was August 8, 2014, [Filing No. 1 at 5], and in his response to Mikie's Pub's motion, Mr. Bohanon alleges that the incident occurred "the evening and early morning hours of August 7-8, 2014 . . . ." [Filing No. 53 at 6.] For the purpose of this motion, the Court will use August 7-8, 2014 as the date of the incident.

3

Mr. Bohanon around his throat, applying a vascular neck restraint. [Filing No. 11 at 4.] He claims that Officer Reiger approached him and while he was being restrained by Officer Serban, Officer Reiger began striking Mr. Bohanon with his "fists and/or feet." [Filing No. 11 at 4.] Mr. Bohanon alleges that after he became unconscious, Officers Reiger and Serban continued to strike Mr. Bohanon. [Filing No. 11 at 5.]

Mr. Bohanon claims that "Mikie's Pub did not attempt to contact any other public safety officials . . . to protect [Mr.] Bohanon from an exacerbation of his injuries . . . ." [Filing No. 11 at 5.] He alleges that while he remained unconscious, Officer Reiger dragged Mr. Bohanon outside into a dark, secluded area and that both officers continued to "punch, stomp, knee, and kick" his upper body. [Filing No. 11 at 5.] Mr. Bohanon claims that even after he was taken outside, Mikie's Pub did not attempt to "intervene, stop, or contact public safety professionals to protect" him. [Filing No. 11 at 5.] Mr. Bohanon alleges that at some point during the incident, Officers "Serban and/or Reiger removed [Mr.] Bohanon's wallet and confiscated approximately $180.00." [Filing No. 11 at 6.] According to Mr. Bohanon, the officers did not arrest Mr. Bohanon, and both returned to Mikie's Pub to continue drinking. [Filing No. 11 at 6.]

On August 5, 2016, Mr. Bohanon filed his original complaint against Officer Reiger and Officer Serban for assault, battery, false imprisonment, and conversion pursuant to 42 U.S.C. § 1983, and the City of Indianapolis for respondeat superior pursuant to 42 U.S.C. § 1983. [Filing No. 1.] On December 1, 2016, Mr. Bohanon filed an Amended Complaint adding Mikie's Pub as a party defendant and pursuing state law claims for premises liability and a violation of Indiana's Dram Shop Act. [Filing No. 11.] Mikie's Pub has now filed a Motion to Dismiss Plaintiff's Amended Complaint Against It Pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Bohanon's claims against Mikie's Pub are time-barred under the applicable statute of

4

limitations. [Filing No. 30.] Mr. Bohanon opposes that motion. [Filing No. 53.] The motion is now ripe for the Court's consideration.

### III.
#### PROCEDURAL ISSUE

Before discussing the merits of the case, the Court will first address a procedural issue. Mr. Bohanon alleges new facts in his response brief that he claims provide context to the Amended Complaint, and he filed two exhibits for the Court's consideration that pertain to state court criminal proceedings against Officer Reiger and Officer Serban. [Filing No. 53 at 2-4.]

In his response brief, Mr. Bohanon claims that on September 10, 2014, the Marion County Prosecutor's Office ("MCPO") filed a criminal action in state court against Officer Serban and Officer Reiger stemming from the physical altercation with Mr. Bohanon at Mikie's Pub. [Filing No. 53 at 2-3.] He claims that the state court entered a no-contact order on September 15, 2014 that prohibited Officer Serban and Officer Reiger from contacting Mr. Bohanon during the pendency of their criminal proceedings. [Filing No. 53 at 3.] He alleges that the MCPO "did not make any extra judicial statements by means of public communication, and withheld documents, video surveillance of the incident, and materials obtained and developed during the criminal investigation and prosecution of [the officers]." [Filing No. 53 at 3.] Mr. Bohanon claims he was unable to obtain "information necessary to understand the full extent of the facts and circumstances" regarding Mikie's Pub's involvement until after the criminal trial concluded on November 17, 2016. [Filing No. 53 at 3.] He alleges that this is important because he was rendered unconscious for extended periods of time due to the physical altercation. [Filing No. 53 at 3.] He also alleges that the officers and Mikie's Pub collaborated together "to coordinate their respective testimony in such a manner as to obfuscate the truth and accuracy of the evidence" in order to improve the officers' chances of obtaining not guilty verdicts. [Filing No. 53 at 3.]

5

Mr. Bohanon claims that the officers' criminal trial ended on November 17, 2016, and that he amended the Complaint to include claims against Mikie's Pub on December 1, 2016, based on the information that he learned during the criminal trial. [Filing No. 53 at 4.] He alleges that the evidence demonstrated the following: 1) Mikie's Pub observed Mr. Bohanon unconscious on the floor inside of the establishment and being dragged outside on the concrete floor for approximately forty-seven feet; and 2) Mikie's Pub furnished alcohol to the officers in violation of Indiana's Dram Shop Act. [Filing No. 53 at 4.]

In addition, Mr. Bohanon's response to the motion to dismiss includes as exhibits a copy of each public docket pertaining to each officer's state court criminal proceeding. [Filing No. 53-1; Filing No. 53-2.] Mr. Bohanon in a footnote claims that the Court can consider this evidence at the motion to dismiss stage by taking judicial notice of it pursuant Federal Rule of Evidence 201(b). [Filing No. 53 at 3, n. 1.]

Mikie's Pub challenges the admission of the exhibits, claiming that they are irrelevant and inadmissible. [Filing No. 60 at 6, n. 1.] Mikie's Pub argues that not only are those documents not official court records, they also "contain no substantive information/evidence regarding the actual allegations and arguments [Mr. Bohanon] references in his brief." [Filing No. 60 at 6, n. 1.]

A court generally may consider only the plaintiff's complaint and exhibits attached thereto when ruling on a Rule 12(b)(6) motion. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). When a party attaches documents to a motion to dismiss, the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* Fed. R. Civ. Pro. 12(d). "The courts, however, have crafted a narrow exception to this rule to permit a district court to take judicial

notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted). "A court may take judicial notice of an adjudicative fact that is both not subject to reasonable dispute and either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* at 1081 (citations omitted). Judicial notice is frequently used to consider the contents of court records. *Id.* (citations omitted).

At the outset, the Court notes that Mr. Bohanon does not seek to convert this motion to dismiss into a motion for summary judgment. He merely asks the Court to take judicial notice of the two exhibits that he filed with the Court, which are the public dockets detailing each officer's criminal proceedings. [*See* Filing No. 53-1; Filing No. 53-2.] Mr. Bohanon claims that the exhibits are public records and "provide context to the allegations underlying the *Amended Complaint*." [Filing No. 53 at 3, n. 1 (original emphasis).] However, at the top of the first page of each exhibit, it states "[t]his is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record." [Filing No. 53-1 at 1; Filing No. 53-2 at 1.] Because these documents do not contain undisputed facts in the public record, and Mikie's Pub makes this objection, [Filing No. 60 at 6, n. 1], the Court will not take judicial notice of them.

Notwithstanding this procedural defect, Mr. Bohanon does not explain how these exhibits further support the Amended Complaint. Both public dockets show a chronological history of each officer's criminal case, which include in part the names of the parties, the charges against each officer, the dates of court filings, hearings, and proceedings, and a general description of those court entries. [Filing No. 53-1 at 1-13; Filing No. 53-2 at 1-14.] The dockets contain no

substantive information regarding the officers' criminal cases that would support the Amended Complaint or the new facts Mr. Bohanon alleges in his response.

Moreover, the Court acknowledges that "a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that . . . would entitle him to judgment." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). Mr. Bohanon's new allegations in his response brief are an attempt to justify why he added Mikie's Pub as a party defendant in the Amended Complaint after the statute of limitations expired. As will be further explained below, however, Mr. Bohanon is time-barred from pursuing any claims against Mikie's Pub. To the extent that the allegations in the brief are an attempt to demonstrate that Mr. Bohanon is entitled to relief against Mikie's Pub, they are outside the scope of the operative Complaint. However, the Court will consider these allegations when addressing Mr. Bohanon's arguments below.

Accordingly, the Court strikes Mr. Bohanon's two exhibits. [Filing No. 53-1; Filing No. 53-2.] The Court will now address the parties' substantive arguments as they pertain to the motion to dismiss.

## IV.
### DISCUSSION

Mikie's Pub argues that Mr. Bohanon's claims against Mikie's Pub are time-barred and subject to dismissal, and that adding Mikie's Pub as a party-defendant does not relate back to the original Complaint pursuant to Federal Rule of Civil Procedure 15(c). [Filing No. 31 at 5.] In response, Mr. Bohanon claims that the statute of limitations for the claims against Mikie's Pub has been equitably tolled or that he is excused from compliance under the fraudulent concealment doctrine. [Filing No. 53 at 5.]

8

A federal court with supplemental jurisdiction over state law claims must apply the applicable state law to the substantive issues. *Timmerman v. Modern Indus.*, Inc., 960 F.2d 692, 696 (7th Cir. 1992). Statutes of limitation are considered substantive matters. *Guaranty Trust v. York*, 326 U.S. 99, 110 (1945). "[R]ules that are an 'integral part of the statute of limitations,' such as tolling and equitable estoppel, are treated as substantive for purposes of the *Erie* doctrine." *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-53 (1980)). Here, the statute of limitations applicable to Mr. Bohanon's claims against Mikie's Pub is two years. Ind. Code § 34-11-2-4. "In general, 'the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.'" *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)).

### A. Rule 15(c) – Relation Back

Mikie's Pub argues that Mr. Bohanon's claims against it "do not relate back to the filing of the original Complaint" pursuant to Federal Rule of Civil Procedure 15(c)(1). [Filing No. 31 at 5.] Mr. Bohanon does not respond to Mikie's Pub's argument.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B). Under Federal Rule of Civil Procedure 15(c)(1)(C), an amendment relates back when "the amendment changes the party or the naming of the party against whom a claim is asserted . . . and if . . . the party . . . (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have

9

known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. Pro. 15(c)(1)(C).

By failing to respond, Mr. Bohanon waives any argument that his claims against Mikie's Pub relate back to the original Complaint. Notwithstanding waiver, Mr. Bohanon does not satisfy the requirements of Rule 15(c)(1). As Mikie's Pub points out, the rule permits "an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (quoting *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998)). Although he claims he did not know about Mikie's Pub's involvement until after the officers' criminal trial, Mr. Bohanon knew the identity of Mikie's Pub at the time that he filed the lawsuit, because he alleged in the original Complaint that the incident at issue took place at Mikie's Pub. Even if the Court were to consider Mr. Bohanon's position that he lacked knowledge regarding Mikie's Pub's involvement, such argument by itself is not a proper basis for the rule to apply. *See King*, 201 F.3d at 914.

**B. Equitable Doctrines**

Mikie's Pub argues that Mr. Bohanon named Mikie's Pub as a party defendant for the first time when he filed a Motion to Amend the Complaint as a Matter of Course on November 30, 2016. [Filing No. 31 at 3 (citing Filing No. 8).] It argues that Mr. Bohanon was aware that he sustained an injury on November 7, 2014,[2] and that "in order to timely bring a claim for such

---

[2] Mikie's Pub pointed out that Mr. Bohanon's Amended Complaint inconsistently referred to the date of the incident as both November 7, 2014 and August 7, 2014, but then chose to argue its motion to dismiss using the November 7, 2014 date to demonstrate that Mr. Bohanon's claims still remain untimely. [Filing No. 31 at 1, n. 1.]

personal injuries against Mikie's Pub, [he] must have asserted those claims on or before November 7, 2016." [Filing No. 31 at 4-5.]

In response, Mr. Bohanon claims that the statute of limitations does not bar his claim against Mikie's Pub because the doctrines of equitable tolling and fraudulent concealment apply. [Filing No. 53 at 5.] The Court will address the arguments pertaining to each doctrine separately.

### 1. *Equitable Tolling*

In his response, Mr. Bohanon argues that the statute of limitations are subject to equitable tolling. [Filing No. 53 at 5.] He argues that he was unconscious after he was battered and "lacked the necessary mental dexterity to fully and accurately comprehend the details of the evening and early morning hours of August 7-8, 2014 . . . ." [Filing No. 53 at 6.] According to Mr. Bohanon, because the MCPO issued a no contact order against the officers and withheld information about the prosecution of the officers, Mr. Bohanon was unable to gather vital information regarding the extent of Mikie's Pub's involvement. [Filing No. 53 at 6-7.] He argues that during the criminal trial, he learned for the first time that Mikie's Pub "observed and attempted to intervene" in the physical altercation and failed to render him any aid. [Filing No. 53 at 7.] He also argues that the evidence from trial demonstrated that prior to the confrontation with Mr. Bohanon, Mikie's Pub continued to furnish alcohol to the officers when they were visibly intoxicated. [Filing No. 53 at 7.] He argues that after obtaining this "new information," he filed the Amended Complaint to add Mikie's Pub as a party defendant fourteen days after the conclusion of the criminal trial. [Filing No. 53 at 7.]

In reply, Mikie's Pub argues that Mr. Bohanon's original Complaint establishes two critical elements that alone could have established a prima facie basis for a potential claim against Mikie's Pub: "1) that he was allegedly on the premises of Mikie's Pub at the time of the altercation . . . and

11

2) that he was allegedly injured on the premises of Mikie's Pub as a result of the physical altercation." [Filing No. 60 at 3.] Mikie's Pub argues that despite these allegations, Mr. Bohanon did not assert any claims against it. [Filing No. 60 at 3.] It argues that Mr. Bohanon's claims are not subject to equitable tolling because Mr. Bohanon "has not demonstrated any disability, lack of information, or 'other circumstances' which prevented him from filing his claims against Mikie's Pub in a timely manner," and has not demonstrated due diligence in an attempt to procure the relevant information. [Filing No. 60 at 6.]

Mr. Bohanon cites to the federal standard of equitable tolling, which provides that equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). However, the state doctrine of tolling governs federal cases that borrow state statutes of limitations. *See Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). Mr. Bohanon has filed state law claims against Mikie's Pub, which are before this Court based on supplemental jurisdiction. [*See* Filing No. 11 at 2.] Indiana does not recognize equitable tolling as it is defined under federal law. *See Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 n. 9 (Ind. Ct. App. 1998); *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993). The "leading Indiana case on equitable tolling" is *Torres v. Parkview Foods*, 468 N.E.2d 580 (Ind. Ct. App. 1984). *Young v. Harmon*, 2003 WL 21918759, at *2, n. 7 (N.D. Ind. 2003). *Torres* "holds that if a plaintiff in good faith files a diversity suit in federal district court but the suit is later held to be outside of diversity jurisdiction and is therefore dismissed without an adjudication on the merits, the statute of limitations for refiling in state court is tolled." 468 N.E.2d at 582.

Indiana's form of equitable tolling is not applicable to the facts of this case. Moreover, even if the Court were to consider Mr. Bohanon's position, he still does not satisfy the federal standard of equitable tolling. He has failed to demonstrate that he exercised due diligence in an attempt to obtain vital information regarding the identity and involvement of Mikie's Pub. At the time that he initiated this litigation on August 5, 2016 – two days before the statute of limitations expired – Mr. Bohanon already knew that the incident took place at Mikie's Pub and that the officers were drinking inside the establishment. Specifically, Mr. Bohanon alleged in the original Complaint that he was inside of Mikie's Pub, that Officer Reiger and Officer Serban were also there and had ordered "2 Bud Lites, 1 Bud Lite Lime, and 8 'Fireball' drinks (a 'Fireball' is a shot of cinnamon whiskey)," and that the officers battered Mr. Bohanon while inside and outside of the establishment. [Filing No. 1 at 2-4.] Moreover, Mr. Bohanon alleged that "William Harper, the doorman for Mikie's Pub, tried to step in to separate Officer Serban and [Mr.] Bohanon," that "Officer Serban struck [Mr.] Harper in the mouth, and that "[Mr.] Harper continued to try to separate the two men . . . ." [Filing No. 1 at 2-3.] These allegations alone could have supported claims for premises liability and violation of Indiana's Dram Shop Act against Mikie's Pub.

Despite being armed with these allegations when he filed the original Complaint, Mr. Bohanon chose not to include Mikie's Pub as a party defendant and file any claims against it, and instead filed claims solely against Officer Reiger, Officer Serban, and the City of Indianapolis shortly before the statute of limitations expired. Under these circumstances, the Court fails to see how Mr. Bohanon acted with due diligence when he already had vital information about Mikie's Pub's involvement prior to the expiration of the statute of limitations and instead waited until after the conclusion of the officers' criminal trials to initiate a cause of action against Mikie's Pub. Therefore, equitable tolling is inapplicable here.

13

## 2. Fraudulent Concealment

Mr. Bohanon argues that Mikie's Pub concealed the extent of its involvement by collaborating with Officers "Reiger and Serban to obfuscate the truth for the purposes of improving [the officers'] chances of obtaining a not guilty verdict," which interfered with his investigation of the incident, such as identifying the parties that were involved. [Filing No. 53 at 7-8.]

In reply, Mikie's Pub argues that the fraudulent concealment doctrine does not apply because Mr. Bohanon was aware that he was a patron at Mikie's Pub and that his injuries as a result of the physical altercation with the officers allegedly occurred at Mikie's Pub. [Filing No. 60 at 7.]

Mr. Bohanon again relies on the federal standard of fraudulent concealment. That standard states that fraudulent concealment postpones the accrual date of the statute of limitations "when the defendant takes active steps to prevent the plaintiff from suing in time." *Cada,* 920 F.2d at 450-51. In Indiana, however, the doctrine of fraudulent concealment applies only if the plaintiff establishes that the defendant, through deception or a violation of duty, prevented the plaintiff from discovering material facts and thereby his cause of action. *City of East Chicago v. East Chicago Second Century, Inc.*, 908 N.E.2d 611, 621-22 (Ind. 2009); *Doe v. Shults–Lewis Child and Family Services, Inc.*, 718 N.E.2d 738, 748 (Ind. 1999). This doctrine "does not establish a new date for the commencement of the statute of limitations, but instead creates an equitable exception" where "[i]nstead of a full statutory limitation period within which to act, a plaintiff must exercise due diligence in commencing his action after the equitable ground ceases to operate as a valid basis for causing delay." *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 690-91 (Ind. Ct. App. 2006) (quoting *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 931 (Ind. Ct. App. 2003)). The plaintiff must therefore file a lawsuit "within a reasonable time after he discovers information which would

lead to discovery of the cause of action." *Perryman*, 846 N.E.2d at 691 (citing *Meisenhelder*, 788 N.E.2d at 931).

Mr. Bohanon has not demonstrated that he met the standard of fraudulent concealment. Mr. Bohanon claims that during the criminal trial, Mikie's Pub's employees recited the events of the incident in a way that matched the officers' testimony, and that Mikie's Pub "collaborated with [the officers] to obfuscate the truth for the purposes of improving [the officers'] chances of obtaining [ ] not guilty verdict[s]." [Filing No. 53 at 8.] He claims that this interfered with Mr. Bohanon's investigation regarding who were responsible for his injuries. However, Mr. Bohanon has not described the content of the testimony that Mikie's Pub's employees gave during trial nor the manner in which Mikie's Pub concealed vital information from Mr. Bohanon. Moreover, Mr. Bohanon cannot justifiably believe that he did not know of Mikie's Pub's involvement until the officers' criminal trial. Some of the "vital information" that Mr. Bohanon allegedly discovered during the criminal trial is information that Mr. Bohanon already knew and had alleged in the original Complaint. Lastly, although the federal standard is inapplicable here, Mr. Bohanon does not describe what active steps Mikie's Pub took that prevented Mr. Bohanon from suing on time. Accordingly, Mr. Bohanon is time-barred from pursuing claims related to the incident at issue against Mikie's Pub.

V.
CONCLUSION

For the reasons noted above, the Court **STRIKES** Mr. Bohanon's two exhibits, [Filing No. 53-1; Filing No. 53-2], and **GRANTS** Mikie's Pub's Motion to Dismiss Plaintiff's Amended Complaint Against It Pursuant the Federal Rule of Civil Procedure 12(b)(6), [Filing No. 30]. Specifically, Mr. Bohanon's claims for premises liability and a violation of Indiana's Dram Shop Act against Mikie's Pub are time-barred. Mr. Bohanon's claims against Officer Reiger and Officer

15

Serban for assault, battery, false imprisonment, and conversion pursuant to 42 U.S.C. § 1983, and the City of Indianapolis for respondeat superior pursuant to 42 U.S.C. § 1983 remain. No partial judgment shall issue at this time.

Date: 4/20/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mark John Pizur
mark.pizur@hotmail.com

Steven Michael Lutz
CHURCH CHURCH HITTLE & ANTRIM
lutz@cchalaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
lroberts@cchalaw.com

Robert M. Oakley
DILLEY & OAKLEY PC
firm@dilley-oakley.com

Daniel Kyle Dilley
DILLEY & OAKLEY, P.C.
d.dilley@dilley-oakley.com

Daniel Bowman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dbowman@fdgtlaborlaw.com

Edward C. Harcourt
KIGHTLINGER & GRAY LLP
eharcourt@k-glaw.com

Erin A. Clancy
KIGHTLINGER & GRAY LLP
eclancy@k-glaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com