UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADFORD BOHANON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02117-JMS-MJD |
| | ) | |
| MICHAEL REIGER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

# ENTRY

On July 31, 2017, the Clerk entered default against Defendant Michael Reiger. [Filing No. 92.] On August 2, 2017, Mr. Bohanon filed the instant unopposed Motion for Entry of Default Judgment against Mr. Reiger, [Filing No. 93], requesting that the Clerk enter judgment in the amount of $350,000.00, [Filing No. 93-1 at 2; Filing No. 93-2 at 1]. Mr. Reiger has appeared and is proceeding *pro se*. [*See, e.g.*, Filing No. 100; Filing No. 101.] At a hearing held on October 17, 2017, the Magistrate Judge reminded Mr. Reiger of the entry of default and pending motion for default judgment. [Filing No. 112.] The time for Mr. Reiger to respond to Mr. Bohanon's Motion for Default Judgment has expired, and the Motion is therefore ripe for determination.

Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment. First, the plaintiff must seek an entry of default under Rule 55(a), the granting of which means that the "well-pleaded allegations of [the] complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Mr. Bohanon has completed this step. [*See* Filing No. 92.]

Second, the plaintiff must seek default judgment under Rule 55(b). A plaintiff may apply to the Clerk to enter judgment only where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). This procedure is appropriate only

where "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In all other circumstances, the plaintiff must move the Court for default judgment, which must then conduct any necessary proceedings to determine an appropriate award of damages. Fed. R. Civ. P. 55(b)(2).

Mr. Bohanon has demonstrated his entitlement to default judgment against Mr. Reiger. The Clerk has entered default against Mr. Reiger, [Filing No. 92], and Mr. Reiger has not moved to set aside that default. However, Mr. Bohanon's claim does not seek a sum certain, as his damages from the allegedly tortious actions of Mr. Reiger are not readily ascertainable from documentary evidence. Entry of judgment by the clerk under Rule 55(b)(1) is inappropriate. The Court therefore **GRANTS** Mr. Bohanon's Motion for Default Judgment [93] **as to liability only**. The matter of damages must be determined at a damages hearing pursuant to Rule 55(b)(2). The hearing will be conducted after Mr. Bohanon's claims against Defendant City of Indianapolis have been resolved, either at trial or by settlement.

Date: 1/17/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

MICHAEL REIGER
2424 N. Hideaway Dr.
Indianapolis, IN 46268

Erin A. Clancy
KIGHTLINGER & GRAY LLP
eclancy@k-glaw.com

Daniel Kyle Dilley
DILLEY & OAKLEY, P.C.
d.dilley@dilley-oakley.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward C. Harcourt
KIGHTLINGER & GRAY LLP
eharcourt@k-glaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Steven Michael Lutz
CHURCH CHURCH HITTLE & ANTRIM
lutz@cchalaw.com

Robert M. Oakley
DILLEY & OAKLEY PC
firm@dilley-oakley.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
lroberts@cchalaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov